IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNY L. GRAHAM, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | NO. 1:23-CV-210-LAG-TQL |
| WARDEN, Walter Berry, : | |
| : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. : | <u>Before the U.S. Magistrate Judge</u> |

**<u>ORDER</u>**

Petitioner Johnny L. Graham, a state prisoner currently confined in Baldwin State Prison in Hardwick Georgia, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2015 conviction in the Superior Court of Ben Hill County. ECF No. 1. He also moved for appointment of counsel to proceed *in forma pauperis*. ECF Nos. 2; 3. Petitioner is not entitled to appointment of counsel at this time, as discussed below. Additionally, Petitioner must supplement his motion to proceed *in forma pauperis* by providing a signed certificate showing the amount of money he has in his prisoner trust fund account.

Petitioner states that he is being assisted by a "jailhouse lawyer." ECF No. 3 at 2. He alleges that he is elderly, "mentally ill," and his petition contains "complex issues." *Id*. Petitioner, therefore, requests the Court appoint counsel to represent him. *Id*. at 2-9.

"[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding." *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985).

Appointment of counsel is required in a habeas action if (1) the Petitioner is facing the death penalty, (2) an evidentiary hearing is warranted, or (3) "[i]f necessary for effective discovery." *See* 18 U.S.C. § 3599; Rules 6(a) and 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In other situations, the Court may appoint counsel if it "determines that the interests of justice" require representation. 18 U.S.C. § 3006A(a)(2)(B).

At this stage in the litigation, the Court is unable to determine whether counsel needs to be appointed in this case. Thus, Petitioner's Motion for the Appointment of Counsel is **DENIED**. ECF No. 3. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will, on its own motion, consider assisting Petitioner in securing legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

While Petitioner did move to proceed without payment of the $5.00 filing fee, he did not include a signed "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that [he] has in any account in the institution." *See* Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner is, therefore, **ORDERED** to supplement his motion to proceed *in forma pauperis* by filing a signed certificate showing the amount of money he has in his prisoner trust fund account. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown below to comply with this Order and his failure to do so or to follow the Court's instructions may result in the dismissal of this action.

**SO ORDERED**, this 5th day of December, 2023.

s/***Thomas Q. Langstaff***
United States Magistrate Judge